**SO ORDERED.**

**SIGNED this 16 day of December, 2010.**

_____
**JAMES D. WALKER, JR.**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 08-53493-JDW |
| KATHLEEN MAY POFF, | ) | |
| | ) | |
|     DEBTOR. | ) | |
| | ) | |
| KATHLEEN MAY POFF, | ) | |
| | ) | ADVERSARY PROCEEDING |
|     PLAINTIFF, | ) | CASE NO. 09-05052 |
| | ) | |
| VS. | ) | |
| | ) | |
| BANK OF AMERICA, N.A. and | ) | |
| SECURITY BANK OF HOUSTON | ) | |
| COUNTY, | ) | |
| | ) | |
|     DEFENDANTS. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

| | |
|---|---|
| For Plaintiff: | Jason M. Orenstein |
| | P.O. Box 4086 |
| | Macon, Georgia 31208-4086 |
| | |
| For Bank of America: | Austin E. James |
| | 1587 Northeast Expressway |
| | Atlanta, Georgia 30329 |
| | |
| For Security Bank: | Lisa Rountree Coody |
| | P.O. Drawer 8269 |
| | Warner Robins, Georgia 31095 |

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant Bank of America, N.A.'s motion for summary judgment on a preference claim. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(F). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Undisputed Facts**

Debtor-Plaintiff Kathleen Poff and Defendant Bank of America ("BOA") executed a security deed in the amount of $55,948.50 secured by Debtor's residence. BOA filed the deed on November 14, 2003. The following year on December 20, 2004, BOA filed a cancellation of the security deed before the mortgage was paid in full. Debtor continued making payments on the loan, as usual. In 2006, Debtor borrowed $43,000 from Defendant Security Bank of Houston County, secured by her residence. During the loan application process, Debtor informed Security Bank of the outstanding interest on the property in favor of BOA. On March 13, 2006, Security Bank filed the related security deed.

In November 2008, almost four years after filing its cancellation of security deed, BOA initiated foreclosure proceedings. At that time, it discovered the erroneous cancellation and, on November 17, 2008, filed a rescission of cancellation. Nine days later, on November 26, 2008, Debtor filed a Chapter 13 petition to stop the foreclosure. The case was converted to Chapter 7 on September 29, 2009.

Debtor filed a complaint for declaratory relief as to secured status, to avoid preferential

transfer, and for monetary damages for wrongful foreclosure. BOA filed a motion for summary judgment. This opinion is limited to BOA's motion for summary judgment with respect to the question of a preference. The Court held a hearing on the motion on November 29, 2010. For the following reasons, the Court will grant the motion.

## Conclusions of Law

Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable to adversary proceedings through Federal Rule of Bankruptcy Procedure 7056. Under Rule 56, a party is entitled to summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); McCaleb v. A.O. Smith Corp., 200 F. 3d 747, 750 (11th Cir. 2000). In this case, the parties agree no material facts are in dispute.

At issue is whether BOA's rescission of the cancellation of Debtor's mortgage may be avoided as a preference under Bankruptcy Code section 547(b), which provides as follows:

> Except as provided in subsections (c) and (I) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made–
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if–
> (A) the case were a case under chapter 7 of this title;

4

      (B) the transfer had not been made; and
      (C) such creditor received payment of such debt to the
  extent provided by provisions of this title.

11 U.S.C. § 547(b).

  The undisputed facts establish most of the elements of a preference. As a creditor, BOA benefits by–at a minimum–regaining a record of its security interest. The security deed in question relates to the antecedent debt owed by Debtor before BOA filed the rescission of cancellation. Debtor was presumptively insolvent at the time of the transaction, pursuant to 11 U.S.C. § 547(f).[1] The rescission of cancellation was filed nine days prior to Debtor filing bankruptcy, well within the 90-day look back period.

  The only remaining question is whether the rescission of cancellation constituted a transfer of an interest of Debtor in property. Preference law is a "mechanism prevent[ing] the debtor from favoring one creditor over others by transferring property shortly before filing for bankruptcy." Begier v. IRS, 496 U.S. 53, 58, 110 S. Ct. 2258, 2263 (1990). The Bankruptcy Code defines a transfer as "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with– (I) property; or (ii) an interest in property," including "the creation of a lien[.]" 11 U.S.C. §101(54)(A), (D). Debtor contends that the recording of the rescission of cancellation is a transfer because it served to reinstate BOA's security interest in Debtor's property–in other words, the property went from being free of BOA's lien to being encumbered by BOA's lien. BOA argues its security interest never terminated and, consequently, the rescission

---

[1] "For the purposes of this section, the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f).

did nothing to alter the state of encumbrances on the property.[2]

In Georgia, cancellation of a security deed is governed by O.C.G.A. § 44-14-67(a) (1999), which provides that "cancellation of the deed . . . on payment of the debt . . . shall operate to reconvey the title of the property to the grantor . . . ." The statute says nothing about the effect of a mistaken cancellation when–as in this case–the underlying debt is not satisfied. However, at least one court has found that in the absence of payment, a creditor retains its lien after filing an erroneous cancellation. Thus, any subsequent rescission has no legal effect. Mak v. Argent Mortg. Co., LLC, No. 1:07-CV-02806-JOF, 2009 WL 2997916, at *6 (N.D. Ga. Sept. 15, 2009). In Mak, the debtor sent a payoff check to the creditor, which subsequently issued a cancellation of the related security deed. Prior to filing the cancellation, the debtor's payment check bounced. Id. at *1. The creditor then filed a "Rescission of Satisfaction/Cancellation." Id. at *2. The creditor argued that because it was never paid, O.C.G.A. § 44-14-67 was inapplicable and its interest in the property never reverted to the debtor. Id. at *3. The court agreed. It reasoned that if satisfaction of the debt serves to transfer title to the grantor, "the converse then would be true. When there is no payment of the secured indebtedness, the title cannot pass back to the grantor." Id. at *6 (citing Northwest Carpets, Inc. v. First Nat'l Bank of Chatsworth, 280 Ga. 535, 537, 630 S.E.2d 407, 409 (2006); Taylor, Bean & Whitaker Mortg. Corp. v. Brown, 276 Ga. 848, 850-51, 583 S.E.2d 844, 847 (2003)). See also Lanning v. Sockwell, 137 Ga. App. 479, 482, 224 S.E.2d 119, 122 (1976) ("a cancellation obtained by fraud or mistake without payment may itself be cancelled by a court of equity"); Macleod v. Suntrust Bank Northwest Georgia (In re Henderson),

---

[2] Security Bank, which has conceded its lien is junior to BOA's lien, has not taken a position in this litigation.

284 B.R. 515, 519 (Bankr. N.D. Ga. 2002) (holding that filing a rescission does not effect a transfer, but only puts other parties on notice of the continuing viability of the security interest). Because the creditor's interest in the property remained intact despite filing a cancellation, the court further concluded that the subsequent rescission of cancellation had no legal effect. Mak, 2009 WL 2997916 at *7.

The Court agrees with Mak. Filing a notice of cancellation does not terminate the creditor's lien under Georgia law; rather, the satisfaction of the debt does so. Here, Debtor never satisfied the debt and, therefore, never owned the property free and clear of BOA's lien. The purported transfer–the cancellation of rescission–could not reinstate what was never eliminated.[3] In other words, filing the cancellation did not serve to improve or otherwise change BOA's position. Furthermore, Debtor's lack of control over the transfer–she could not legally prevent BOA from filing the rescission–suggests the transfer did not involve an interest of Debtor. See Bank of America v. Mukamai (In re Egidi), 571 F.3d 1156, 1161 (11th Cir. 2009) ("The inquiry is whether [the debtor] controlled the disposition of the funds[.]"); Flatau v. The Walman Optical Co. (In re Werner), 365 B.R. 283, 286-87 (Bankr. M.D. Ga. 2007) (Walker, J.) (finding that a debtor's ability to control the transfer of property is evidence the debtor has an interest in the property). Based on these facts, the Court concludes BOA's filing of a rescission of cancellation

---

[3] Because this case does not involve any intervening third parties without notice of BOA's lien–such as a lien creditor or bona fide purchaser for value–this Opinion does not consider whether such a third party might affect BOA's lien position or otherwise lead to a different result. See Henderson, 284 B.R. at 518 (stating that inconsistencies in the real estate record–including an erroneous cancellation, followed by a modification of the security deed, and then an affidavit to rescind the cancellation–were sufficient to notify a prudent person of the need to investigate the title).

did not result in a transfer of an interest of Debtor in property.

## Conclusion

The facts alleged by the parties in this case are not in dispute. The facts fail to show a transfer of an interest of Debtor in property. Because there is no such transfer, Debtor cannot establish all the elements of a preference. Therefore, BOA is entitled to judgment as a matter of law.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT